OPINION
{¶ 1} Defendant, Joseph Fedl, appeals from the juvenile court's judgment awarding retroactive child support to Plaintiff, Mary Ellen Buechter.
 {¶ 2} Joseph and Mary Ellen are the parents of one child, Marikyle, born December 8, 1986. Joseph and Mary Ellen never married. From December 1986 to 1998, Joseph visited with Marikyle five times, sent two to three cards per year to Marikyle, and gave Marikyle some Christmas gifts. Joseph did not give or offer to give any money to Mary Ellen.
 {¶ 3} In 1998, Mary Ellen sought the establishment of paternity and child support. Paternity was established and Joseph was ordered to pay child support for Marikyle. Joseph made child support payments from 1998 to 2004.
 {¶ 4} In 2004, a few months before Marikyle's eighteenth birthday, Mary Ellen commenced an action pursuant to R.C. 3113.13 seeking retroactive child support from Joseph from the date of Marikyle's birth to 1998. In his answer to Mary Ellen's complaint, Joseph invoked the affirmative defense of laches.
 {¶ 5} After an evidentiary hearing, the magistrate ordered Joseph to pay $33,000 in past due child support to Mary Ellen. Joseph filed timely objections to the magistrate's decision, which the trial court overruled. Joseph filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY THE DOCTRINES OF LACHES AND WAIVER IN AWARDING RETROACTIVE CHILD SUPPORT."
 {¶ 7} R.C. 3111.13(C) provides that a juvenile court has the authority to make a support order once a parentage determination is made. Paragraph (F)(2) of R.C. 3111.13 authorizes the court to order payment of support for the period prior to the support order, from the date of the child's birth. Retroactive support is barred if the child was over three years of age when a parentage action was filed and during that time the father had no reason to know of his alleged paternity. R.C.3113.13(F)(3).
 {¶ 8} An award of retroactive child support is reviewed under an abuse of discretion standard. "The term `abuse of discretion' connotes morethan an error of law or judgment; it implies that the court's attitudeis unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 (citations omitted).
 {¶ 9} Joseph argues that the trial court abused its discretion in awarding retroactive child support because such an award should have been barred by laches, in view of Mary Ellen's delay in seeking retroactive support. "[L]aches maybe applicable in parentage actionsfiled prior to the expiration of the statute of limitations" Wright v.Oliver (1988), 35 Ohio St.3d 10, 12. "[I]n order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Smith v. Smith 4 (1959), 168 Ohio St. 447, 447-48, at paragraph three of the syllabus. "[S]howing `material prejudice' is difficult." In re O'Herron (July 7, 2000), Montgomery App. Nos. 18213, 18214.
 {¶ 10} Joseph argues that he was materially prejudiced by Mary Ellen's delay in seeking child support because (1) he received no benefit from being Marikyle's father during her formative years and (2) his current limited income makes it difficult to satisfy the court ordered payments. Joseph contends that Mary Ellen deprived him of an opportunity for a meaningful relationship with Marikyle.
 {¶ 11} The record does not support Joseph's first contention. Joseph visited with Marikyle on five occasions and sent her two to three cards per year prior to 1998. Mary Ellen drove Marikyle to see Joseph on at least two occasions, and offered to send him a bus ticket to travel from outside Ohio to see Marikyle on another occasion.
 {¶ 12} Joseph relies on the Fourth District's opinion in Park v.Ambrose (1993), 85 Ohio App.3d 179. In Park, the record was clear that the mother wanted the father to have no part in raising their daughter. The father never tried to contact either the mother or the daughter. Unlike Park, there is no evidence in the record that Mary Ellen or any other person prevented Joseph from having a more substantial role in 5 Marikyle's life.
 {¶ 13} The foregoing provisions apply to parentage determinations. Laches may likewise bar a related child support determination, including an award of retroactive support. In re O'Herron. However, even where laches does not bar the award, the amount of support ordered must be consistent with statutory requirements. R.C. 3113.13(F)(1) provides that an award of retroactive support "shall comply with Chapter 3119 . . . of the Revised Code." R.C. 3119.022 sets out the relevant child support computation worksheet. At paragraph 24a, the worksheet authorizes a deviation from the calculated amount "if (that) amount would be unjust or inappropriate," and in that regard expressly refers to R.C. 3111.23.
 {¶ 14} R.C. 3111.23 provides:
 {¶ 15} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code
 {¶ 16} "(A) Special and unusual needs of the children;
 {¶ 17} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
 {¶ 18} "(C) Other court-ordered payments;
 {¶ 19} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 20} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 {¶ 21} "(F) The financial resources and the earning ability of the child;
 {¶ 22} "(G) Disparity in income between parties or households;
 {¶ 23} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 24} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 25} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 26} "(K) The relative financial resources, other assets andresources, and needs of each parent;
 {¶ 27} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 28} " (M) The physical and emotional condition and needs of the child;
 {¶ 29} " (N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 {¶ 30} "(0) The responsibility of each parent for the support of others;
 {¶ 31} "(P) Any other relevant factor.
 {¶ 32} "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation.
 {¶ 33} "If the court grants a deviation based on division (P) of this section, it shall specifically state in the order the facts that are the basis for the deviation." (Emphasis supplied).
 {¶ 34} Retroactive support allowed by R.C. 3111.13(F) is limited to parentage actions. It may be ordered initially on a parentage determination or, as here, on a modification of a prior support order. By prescribing that any retroactive support order must comply with R.C. Chapter 3119, the General Assembly has incorporated the deviation provisions of R.C. 3119.022(24a) and 3119.23 into determination of a claim for retroactive support. Therefore, the juvenile court should consider any of the more particular factors in R.C. 3119.23 which are applicable to the facts before the court when it decides a retroactive support claim.
 {¶ 35} The "unjust or inappropriate" statutory standard for a deviation imposes a lesser burden of proof than the "material prejudice" standard for laches we discussed in O'Herron. The General Assembly can, if it wishes, create a less burdensome standard for relief allowed by a rule of law than might be required for a purely equitable remedy such as laches. Furthermore, while the right of relief that R.C. 3111.13(F) creates is retroactive, the relief it authorizes is prospective. Therefore, the factors in R.C. 3119.23 reasonably apply to current conditions, not to those which existed during the term of retroactivity.
 {¶ 36} In this case, three factors in R.C. 3119.23 would seem to apply to Joseph's contention. His annual income ($26,000) is substantially less than Mary Ellen's ($50,000-$60,000), which implicates factor (G): "disparity in income between parties or households." Joseph's age and retirement, compared to Mary Ellen's operation of two businesses, implicates factor (K) : "[t]he relative financial resources, other assets and resources, and needs of each parent." And, the fact that Mary Ellen waited to the last possible moment to file her retroactive support claim could implicate factor (P):"[a]ny other relevant factor." After all, any retroactive payment will benefit Mary Ellen, not the now-emancipated child, Marikyle.
 {¶ 37} The juvenile court abused its discretion when it failed to apply the deviation factors in R.C. 3111.23 to the matters raised by Joseph when ordering retroactive support pursuant to R.C. 3113.13(F)(2). The assignment of error is sustained. The case will be remanded for further proceedings consistent with this opinion.
WOLFF, P.J. and FAIN, J., concur.